J-S03034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRENDYN J. PALMER | : | |
| | : | |
| Appellant | : | No. 836 MDA 2025 |

Appeal from the Judgment of Sentence Entered May 20, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002312-2023

BEFORE: DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: JULY 15, 2026**

Brendyn J. Palmer ("Palmer") appeals from the judgment of sentence imposed following his jury conviction for simple assault.[1] We hold, *inter alia*, that where a defendant challenges the grading of a simple assault conviction as a misdemeanor of the second degree ("M2"), arguing only that the evidence showed mutual consent supporting a misdemeanor of the third degree ("M3"), they raise a waivable claim implicating the underlying trial evidence, and not a non-waivable challenge to the legality of the sentence. We affirm.

The trial court summarized the facts as follows:

On September 5, 2023, the police were dispatched to Simon's Garage to investigate an incident that occurred earlier in the day.[] [Carlisle Borough Police Lieutenant Joshua Bucher ("Lieutenant Bucher")] noted that Anthony Hodge [("the Victim")], an employee at the garage, was upset and frustrated as he spoke on the phone and began walking towards North

---

[1] *See* 18 Pa.C.S.A. § 2701(a)(1).

College Street.[] At that point an individual, who turned out to be [Palmer], ran towards [the Victim] and sprayed a giant plume of smoke, later determined to be bear spray.[] The events were captured on bodycam. [] . . . .

Trial Court Opinion, 9/22/25, at 1-2 (footnotes omitted). We note that another officer who arrived on the scene, Carlisle Borough Police Sergeant Andrew VanVolkenburg ("Sergeant VanVolkenburg"), also suffered burning sensations to his eyes and face from the bear spray.

The Commonwealth charged Palmer with, *inter alia*, two counts of simple assault graded as M2s, with respect to the Victim and garage owner Chris Simon ("Simon"). The Commonwealth further charged Palmer with aggravated assault[2] graded as a felony of the second degree with respect to Sergeant VanVolkenburg.

This case proceeded to a jury trial in April 2025. Lieutenant Bucher first testified that he was at the garage to investigate allegations of gunshots fired between Palmer and the Victim. He observed the Victim outside on the phone engaged in a "threatening" conversation with someone. N.T., 4/1/25, at 16, 27-28. Palmer appeared, "ran directly at" the Victim, and drew an unknown object from his waistband area. *Id.* Lieutenant Bucher saw "a giant plume of smoke," followed quickly by a second plume; at the same time, the Victim threw something at Palmer. *Id*. at 16, 29. Police later determined that this smoke was bear spray.

---

[2] *See* 18 Pa.C.S.A. § 2702(a)(7).

- 2 -

Sergeant VanVolkenburg testified that he was at Simon's Garage to secure the Victim's vehicle as part of the ongoing shooting investigation. *Id*. at 35. He saw Palmer emerge from behind the garage and deploy "like a mist or spray in the air" at the Victim. *Id*. at 36. Sergeant VanVolkenburg began running northbound to chase Palmer; however, he was "overcome" by the bear spray, which caused an "overwhelming" burning sensation to his face and forced his "eyes [to] involuntarily close[]." *Id*. at 37. Sergeant VanVolkenburg and the Victim had to pour large quantities of water over their faces before they could see again. Both Lieutenant Bucher and Sergeant VanVolkenburg wore body cameras that recorded the incident and the jury viewed these videos at trial. The Victim did not testify.

Palmer testified in his own defense and admitted that he deployed bear spray at the Victim, explaining:

> . . . Well, my intent was to come over there and scare the person who just shot at me and went to my mother's home. So I came over there to kind of try to intimidate the person to leave me alone.
>
> When I got over there, [the Victim], he kind of didn't really give me a chance for that to happen. He kind of started to get physical the moment he seen me. So it was meant for him and only him and not to do injury to him, just kind — he just shot at me in broad daylight.

N.T., 4/1/25, at 88.

At this juncture, we reiterate that the Commonwealth had charged Palmer with two counts of simple assault, both graded as M2s. The trial transcripts do not include the trial court's jury charge. *See* N.T., 4/2/25, at

22. Nevertheless, the trial court observed, and Palmer does not dispute, that "the jury was given the charge for [simple assault as] a second degree misdemeanor[, and Palmer] never requested the charge for simple assault — fight or scuffle upon mutual consent." Trial Court Opinion, 9/22/25, at 3.

The jury found Palmer guilty of simple assault for spraying the Victim with bear spray. Neither the jury's announcement of the verdict in open court nor the written verdict slip announced any grading for this count. Furthermore, the jury found Palmer not guilty of simple assault with respect to Simon, and not guilty of aggravated assault with respect to Sergeant VanVolkenburg.[3]

On May 20, 2025, the trial court imposed a sentence of three to twelve months' imprisonment for simple assault, again graded as an M2. Palmer did not challenge the grading of his conviction at trial or sentencing.

Palmer filed a timely post-sentence motion in which he claimed, *inter alia*: (1) the trial court should modify the grading of the offense to an M3 and resentence him; and (2) the evidence was insufficient to support Palmer's conviction of simple assault. The trial court denied the post-sentence motion.

_____

[3] The jury also found Palmer not guilty of possession with intent to deliver a controlled substance. **See** 35 P.S. § 780-113(a)(30).

- 4 -

Palmer filed a timely notice of appeal and a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[4] The trial court then authored a Rule 1925(a) opinion.

Palmer raises the following issues for our review: (1) "Whether the trial court erred in finding that the evidence was sufficient to find [Palmer] guilty of simple assault beyond a reasonable doubt?;" and (2) "Whether the trial court erred in denying [Palmer's] motion [to] grade the simple assault as a third-degree misdemeanor?" Palmer's Brief at 4 (unnecessary capitalization omitted and issues reordered for ease of review).

First, Palmer challenges the sufficiency of the evidence with respect to his conviction for simple assault. Our standard of review for sufficiency claims is well settled:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient

_____

[4] In his Rule 1925(b) concise statement, Palmer challenged the sufficiency of the evidence; however, he failed to identify the specific elements of simple assault that he believed the Commonwealth failed to prove at trial. **See** Concise Statement, 7/18/25, unnumbered page 1. We remind counsel that we could find waiver on this basis. **See** Pa.R.A.P. 1925(b)(4)(ii), (vii); **see also Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020) (holding "where a 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal") (citation, brackets and ellipses omitted). However, we decline to find waiver here as we can meaningfully discern Palmer's sufficiency issue from the post-sentence motion, briefs, and trial court opinion. Therefore, we will address the merits of this claim.

to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the factfinder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the factfinder.

***Commonwealth v. Scott***, 325 A.3d 844, 849 (Pa. Super. 2024) (citation and brackets omitted).

A person is guilty of simple assault "if he . . . attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). The Crimes Code[5] defines "bodily injury" as an "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

Palmer argues that the Commonwealth failed to present sufficient evidence of intent to prove he committed simple assault:

> [Palmer] did not act intentionally, knowingly or recklessly during the incident. Being mindful that it does not appear that a justification instruction was asked for by [Palmer], or given to the jury, [Palmer] had been threatened and harassed prior to the events leading to his conviction and the [V]ictim threw an object at him just before [Palmer] reacted.
>
> [Palmer] intended to protect himself from serious harm at the hands of a person who he knew was very capable of causing him harm and he simply reacted. It wasn't a knowing, intentional or reckless act[;] it was an act out of self-preservation.

Palmer's Brief at 8 (unnecessary capitalization omitted).

---

[5] ***See*** 18 Pa.C.S.A. §§ 101-9546.

In its Rule 1925(a) opinion, the trial court addressed Palmer's sufficiency claim:

In short, the question for the jury was never whether [Palmer] sprayed [the Victim] with bear spray. That is obvious from the videos, and [Palmer] acknowledged that he did so with the intent to intimidate [the Victim]. The question was whether he also intended to spray the police or the owner of the garage. Ultimately, the jury made the correct decision that [Palmer's] intent to assault with bear spray was solely focused on [the Victim].

The jury was given the standard instruction on simple assault — bodily injury attempted Pa. SSJI (Crim.) [§ 15.2701A]. Specifically, the jury needed to determine that [Palmer] engaged in conduct that constituted a substantial step toward causing bodily injury to [the Victim]. We suggest that spraying a noxious substance at someone is indeed such a step. And based on a common-sense assessment of [Palmer's] testimony and the videos, it was his intent to cause bodily injury. Indeed, the videos depict [the Victim] in noticeable pain and discomfort from the spray. In sum, the evidence was neither weak nor inconclusive, and the jury's verdict did not render us breathless or shock our conscience.[]

Trial Court Opinion, 9/22/25, at 2-3 (unnecessary capitalization and footnote omitted).

Based on our review, we conclude the evidence sufficiently supports the jury's finding of guilt. **See Scott**, 325 A.3d at 849. At trial, Palmer admitted that he went to Simon's Garage armed with bear spray to intimidate the Victim, and he did not dispute that he sprayed the Victim with it. **See** N.T. 4/1/25, at 88, 94. Palmer's sole argument on appeal is that he lacked the requisite intent to cause bodily injury to the Victim, and instead it was an "act out of self-preservation." Palmer's Brief at 8. However, after viewing the

videos and considering Palmer's own testimony, the jury concluded that Palmer intended to cause bodily injury when he "ran directly" at the Victim and sprayed him with bear spray, causing substantial pain. **See** N.T., 4/1/25, at 16, 38. As stated above, "it is within the province of the factfinder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence." **Scott**, 325 A.3d at 849. Thus, we agree with the trial court that the record evidence supported the jury's finding of guilt on simple assault. Accordingly, no relief is due on Palmer's first issue.

In his second issue, Palmer challenges the grading of his simple assault conviction as an M2, arguing that "[t]he [V]ictim's consent to, and participation in, the scuffle impacts the legality of [Palmer's] sentence because it questions the grading of his conviction." Palmer's Brief at 6. He claims that the trial court should have granted his post-sentence motion to amend the grading to an M3 based on mutual consent because Palmer "ran towards [the Victim] and sprayed bear spray" only after the Victim threatened to shoot Palmer and "threw something" at him. Palmer's Brief at 6-7. Palmer avers that "clearly [the Victim] entered into this fray mutually and the charge should be properly graded as an M3." **Id**. at 7.

By way of background, we note that section 2701(b)(1) of the Crimes Code provides: "Simple assault is a misdemeanor of the second degree unless committed: (1) in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree." 18 Pa.C.S.A. § 2701(b)(1).

"Section 2701(b)(1) does not require the Commonwealth to disprove that the offending conduct occurred during a mutual fight or scuffle to establish simple assault. That the offending conduct occurred during a mutual fight or scuffle is relevant only with respect to the subsequent *grading* of the offense." *Commonwealth v. Hodges*, 193 A.3d 428, 434 (Pa. Super. 2018) (citation omitted and emphasis in original).

"[O]nce the Commonwealth prove[s] that [the defendant] committed a simple assault pursuant to subsection 2701(a)(1), the trial court [has] the discretion to grade that offense as a second or third degree misdemeanor pursuant to the dictates of subsection 2701(b)(1) and sentence him accordingly." *Commonwealth v. Norley*, 55 A.3d 526, 531 (Pa. Super. 2012). Where the fact-finder's conclusion that the defendant committed simple assault graded as an M2 "is reasonably supported by the record[,] the trial court's grading of the offense as a second degree misdemeanor [is] proper [and] no relief is due." *Commonwealth v. Rogers*, 289 A.3d 94 (Pa. Super. 2022) (unpublished memorandum at 12, 13).[6]

As a threshold matter, we must determine whether Palmer has in fact raised a claim implicating the legality of his sentence, which is not subject to waiver, or a challenge to the sufficiency of the evidence, which is. *See*

---

[6] *See* Pa.R.A.P. 126(b)(1)-(2) (providing that an unpublished non-precedential memorandum decision of the Superior Court, filed after May 1, 2019, "may be cited for [its] persuasive value").

*Hodges*, 193 A.3d at 435. This Court has held that a claim that a court improperly graded an offense for *sentencing purposes* implicates the legality of a sentence. *See In Interest D.P.*, 233 A.3d 847, 851 (Pa. Super. 2019). Thus, a reviewing must "carefully scrutinize the substance of . . . purported non-waivable claims to ascertain whether the actual nature of the challenges is to the sentence or the conviction." *Id*. Our inquiry examines whether there is anything "on the face of the record suggesting a fatal problem with the sentence" and whether the defendant argues "an error respecting the *verdict*, not the sentence." *Commonwealth v. Spruill*, 80 A.3d 453, 462 (Pa. 2013) (emphasis in the original). Where the claim presented is "fact-driven" and challenges the underlying evidence at trial, the matter is "more in the nature of a sufficiency of the evidence claim." *Id*. at 462. "[F]act-driven matters are particularly ill-suited to characterization as implicating 'sentencing illegality' . . . where . . . the claim depends upon particulars of the conviction." *Interest of D.P.*, 233 A.3d at 851 (citation omitted); *see also Interest of I.E.C.*, 343 A.3d 214 (Pa. Super. 2025) (unpublished memorandum at 5) (holding that where the juvenile's "grading challenge is premised on the purported lack of evidence[,]the grading issue sounds in sufficiency to support the [conviction], not the legality of the dispositional order" following the adjudication of delinquency).

In *Rogers*, the trial court, sitting as fact-finder, found the defendant guilty of simple assault graded as an M2. *See Rogers*, 289 A.3d 394

(unpublished memorandum at 4). The defendant argued on appeal that "he presented sufficient evidence to establish the fight was entered into by mutual consent and the trial court erred in grading the offense improperly." *Id*. at 9 (emphasis omitted). This Court concluded that the defendant's "claim rest[ed] on the contention that the trial court should have believed his version of events when determining the grading of his offense[,]" and denied relief because "the trial court sat as fact-finder in this matter and evaluated the credibility of the evidence presented, a determination we will not reweigh on appeal." *Id*. at 12-13.

Similarly, in **Hodges**, this Court held that the defendant presented a challenge to the sufficiency of the evidence where, "[u]nder the guise of claiming an illegal sentence, [the defendant was] actually arguing the Commonwealth failed to disprove mutual consent, resulting in an illegal sentence for simple assault as an M2." **Hodges**, 193 A.3d at 435. The Court then reasoned that because the defendant failed to raise the grading issue at sentencing, "the trial court was not called upon to exercise its *discretion* in grading the offense as a 'second vs. third' degree misdemeanor." *Id*. at 434 n.3 (emphasis added). Thus, "there was no basis for [the trial court to] even consider[] whether [the defendant] proved mutual consent to warrant grading the simple assault as an M3." *Id*.

The **Hodges** Court further determined that the defendant bears the burden at sentencing to prove mutual consent under section 2701(b)(1):

- 11 -

In [***Commonwealth v. Bavusa***, 832 A.2d 1042 (Pa. 2003)], our Supreme Court explained that "[w]hether the offense should be graded as a felony or a misdemeanor is a matter to be decided at sentencing." Under the facts of that case, it was not necessary for the Court to determine which party bore the burden of proving the appropriate grading. Our Court subsequently addressed the burden of proof in ***Commonwealth v. Coto***, . . . 932 A.2d 933 (Pa. Super. 2007), another firearms case, and concluded:

> [T]he Legislature intended to establish an opportunity for a defendant to present mitigating factors at sentencing following a conviction under 18 Pa.C.S.A. § 6106(a), which the Commonwealth would then be free to attempt to rebut. Thus, we hold that the defendant carries the burden to prove, by a preponderance of the evidence, that the exception under Section 6106(a)(2) applies, utilizing some or all of the factors enumerated in 18 Pa.C.S.A. §§ 6105 and 6109.

***Id***. at 940. By extension, a defendant similarly carries the burden at sentencing to prove the application of the exception at issue here — mutual consent under [section] 2701(b)(1) — in order to warrant a sentence for simple assault as an M3. . . .

***Hodges***, 193 A.3d at 434 n.3 (some citations omitted); ***see also***

***Commonwealth v. Shamsud-Din***, 995 A.2d 1224, 1227 (Pa. Super. 2010)

(holding that the defendant waived his challenge to the grading of his simple

assault conviction where he "failed to note an objection to the trial court's

determination on the record").

Here, the jury found Palmer guilty of simple assault graded as an M2

and the trial court imposed a sentence of three to twelve months'

imprisonment.[7]  This was a standard-range sentence under the applicable Sentencing Guidelines.[8]  We do not detect any fatal errors with Palmer's sentence on its face.  Indeed, Palmer does not challenge any aspects of the sentence itself.[9]  His sole argument is that the trial court should have amended the grading because the evidence showed that he and the Victim "entered into this fray mutually."  Palmer's Brief at 7.

After careful review, we conclude that Palmer's challenge to the grading of his conviction, as an M2 instead of an M3, is entirely fact-driven and "depends upon particulars of the conviction."  *Interest of D.P.*, 233 A.3d at 851 (citation omitted).  His argument rests on whether the evidence at trial supported a finding of mutual consent, an element that the Commonwealth was not required to prove and was never presented to the jury.  Therefore, we determine he has raised a waivable claim addressing the underlying trial evidence, and not an illegal sentencing claim.  *See Hodges*, 193 A.3d at 435.

_____

[7] In its Rule 1925(a) opinion, the trial court reasoned that the grading of the simple assault charge was "irrelevant" because "a sentence of 3 to 12 months is appropriate for a misdemeanor three."  Trial Court Opinion, 9/22/25, at 3-4.  The trial court explained, "[O]ur rationale for the sentence was based on [Palmer's] actions — the grading had no bearing on our sentence."  *Id*. at 4.

[8] *See* 204 Pa. Code §§ 303.1-303.19.

[9] We note that in his post-sentence motion, Palmer did argue "the trial court should "modify [Palmer's] sentence to a probationary or restrictive probationary sentence."  Post-Sentence Motion, 5/2/25, at 2.  However, he abandoned this issue in his Rule 1925(b) concise statement and on appeal.

We note that Palmer did not request a jury charge of justification or mutual combat and did not object to the grading as an M2 at trial or sentencing. It was Palmer's burden at sentencing to prove the applicability of mutual consent under section 2701(b)(1), and he failed to do so. **See Hodges**, 193 A.3d at 434 n.3. Instead, he raised this issue for the first time in his post-sentence motion. Thus, Palmer did not provide the sentencing court with the opportunity to consider whether section 2701(b)(1) was applicable to his matter. We therefore conclude that Palmer has waived his grading issue for appeal and we do not review it. **See In Interest D.P.**, 233 A.3d. at 852 (holding that the defendant did not raise a non-waivable illegal sentencing issue where he claimed the evidence at trial did not justify the grading of his conviction); **see also Spruill**, 80 A.3d at 461 (holding that "the failure to forward a contemporaneous objection to the court's verdict cannot be excused by resort to an 'illegal sentence' doctrine").

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Dubow files a Concurring Memorandum in which Judge Beck joins.

Judge Beck concurs in the result of this Memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2026